# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | SUITE 7110
NEW YORK, NEW YORK 10118
TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   shecker@kaplanhecker.com

March 5, 2021

**VIA EMAIL & ECF**

The Honorable Katherine Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



Re:   *U.S. v. Otero*, No. 15 Cr. 00608 (KPF)

Dear Judge Failla:

We represent Angel Otero in connection with his Motion for Compassionate Release. *See* ECF No. 474 (the "Motion"). Earlier today, we filed a supplemental submission in connection with Mr. Otero's Motion, including a Memorandum of Law, the Declaration of Molly K. Webster ("Webster Decl."), and several affidavits, letters, and other exhibits. The Motion and its accompanying documents describe, in part, Mr. Otero's medical conditions in detail. Specifically, Mr. Otero respectfully requests that the following documents, or portions thereof, be filed under seal:

- Portions of Exhibit C to the Webster Declaration, which reference Mr. Otero's medical conditions and contain information from previously-sealed documents.

- Portions of Exhibit D to the Webster Declaration, which reference Mr. Otero's medical conditions and contain information from previously-sealed documents.

- Portions of Exhibit F to the Webster Declaration, which reference Ms. Carmen Otero's, Mr. Otero's mother's, medical conditions.

- Exhibit M to the Webster Declaration, which is Mr. Otero's medical records and thus may be filed under seal pursuant to Your Honor's Individual Rules of Practice in Civil Cases 9(A) and Individual Rules of Practice in Criminal Cases 7(E)(i).

- Exhibit N to the Webster Declaration, which is a forensic psychological evaluation that was previously filed under seal in Mr. Otero's underlying criminal proceeding.

KAPLAN HECKER & FINK LLP

2

- Exhibit O to the Webster Declaration, which is a forensic psychological evaluation that was previously filed under seal in Mr. Otero's underlying criminal proceeding.

- Exhibit P to the Webster Declaration, which is a forensic psychological evaluation that was previously filed under seal in Mr. Otero's underlying criminal proceeding.

- Exhibit Q to the Webster Declaration, which is the final Presentence Report that was previously filed under seal in Mr. Otero's underlying criminal proceeding.

- Exhibit U to the Webster Declaration, which is the draft Presentence Report that was previously filed under seal in Mr. Otero's underlying criminal proceeding.

- Portions of the accompanying Memorandum of Law that reference each of the above exhibits.

We respectfully request that Your Honor order each of the above documents (together, the "Confidential Documents") be filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In light of the COVID-19 pandemic and the administrative complications it has caused, we are simultaneously emailing an unredacted copy of these documents to Your Honor's chambers and copying the United States Attorneys on this case. If Your Honor requests, we will also file each of these documents by submitting them in person to the Court's sealed documents depository box at the Daniel Patrick Moynihan Courthouse.

The Second Circuit recognizes "[t]he common law right of public access to judicial documents" and "the public and the press[']s] . . . 'qualified First Amendment right to . . . access certain judicial documents.'" *Id.* at 119-20 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). It has also articulated a three-step process that courts follow to determine whether documents should be placed under seal. *First*, a court must decide whether the documents constitute "judicial documents" such that a presumption of public access applies. *See id.* at 119. *Second*, if the court determines that the documents at issue constitute "judicial documents," it must then determine the weight of the presumption of access. *Id.* at 121. *Third*, after determining the weight of the presumption of access, the court must balance the competing considerations against it. *Id.* at 120. Countervailing factors "include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.*

Because each of the Confidential Documents are relevant to the relief we seek in Mr. Otero's Motion, they are judicial documents. *Id.* at 119 (judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process"); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). They also contain highly personal, confidential, and sensitive information regarding Mr. Otero and his mother's health and medical history. Where documents involve highly sensitive personal information, courts in the Second Circuit have recognized an inherent right to privacy and have permitted documents that implicate that right to be filed under seal. *See United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records, although that privacy right is neither fundamental nor absolute.").

**KAPLAN HECKER & FINK LLP**

3

      Courts in this Circuit routinely file under seal litigants' sensitive medical records. *See, e.g.*, *United States v. Daugerdas*, 2020 WL 2097653, at *3 n.2 (S.D.N.Y. May 1, 2020) (BOP medical records submitted in connection with a motion for a reduction in sentence under the federal compassionate release statute in light of COVID-19 docketed under seal); *United States v. Lucas*, 2020 WL 2059735, at *3 (W.D.N.Y. April 29, 2020) (filing medical records received from federal prison under seal); *Robinson v. Clark*, 2017 WL 775813, at *10 (S.D.N.Y. Feb. 27, 2017) (filing submission under seal where documents contained "medical information not appropriate for filing on a public docket"); *see also United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004) (holding presentence reports to be filed under seal).  Moreover, Your Honor's Individual Rules of Practice in Civil Cases 9(A) and Individual Rules of Practice in Criminal Cases 7(E)(i) permit parties to file medical records under seal without the court's permission.  Similar to medical records, the other Confidential Documents contain highly sensitive information about Mr. Otero's health conditions and confidential psychological examinations he has underwent.

      Here, too, the Court should exercise its discretion and permit Mr. Otero's Confidential Documents to be filed either with redactions or under seal, as appropriate.

      Thank you for your consideration of this request.

Respectfully submitted,

*/s/ Sean Hecker*

Sean Hecker
Alexandra Conlon
Molly K. Webster
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, Suite 7110
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
shecker@kaplanhecker.com

*Counsel for Angel Otero*

cc:    (by ECF)

Assistant United States Attorneys

---

```
Application GRANTED.  The Court will permit the exhibits
referenced in the Defendant's above letter to be filed under
seal, viewable to the Court and parties only.  The parties are
directed to redact references to those exhibits in their
briefing as appropriate.            SO ORDERED.

Dated:    March 8, 2021
          New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE
```